IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA BLANTON SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:08cv195-MHT |
| | ) | |
| HYUNDAI MOTOR MFG. OF ALA., | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

The *pro se* plaintiff, Joshua Blanton Smith ("Smith"), brings this action against his former employer, Hyundai Motor Manufacturing of Alabama, ("Hyundai"), alleging that he was terminated because of his race.  He brings these claims pursuant to  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").  The court has jurisdiction of the plaintiff's Title VII claims pursuant to the jurisdictional grant in 42 U.S.C. § 2000e-5.

This case was filed in this court on March 19, 2008.  To date, the defendant has not been served.  *See* FED. R. CIV. P. 4(m).  On July 17, 2008, the court issued an order directing the plaintiff to should show cause why this case should not be dismissed for want of prosecution (doc. #3).  The time allotted to the plaintiff for filing a response expired on August 1, 2008.  The plaintiff was specifically advised that if he failed to file a response as required by the court's order, the court would treat his failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and would recommend that this action be dismissed.

To date, the plaintiff has filed nothing in response to the court's prior order despite being given opportunity to do so.  Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice....  [I]f the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  When a plaintiff fails to perfect service of process within the 120-day period, the court may dismiss the action or grant an extension of time to serve process for either "good cause" or another sufficient ground unless the plaintiff can show good cause or establish sufficient grounds for an extension of this time period. *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir. 2005).

The time allowed for perfecting service of process expired on July 17, 2008.  After being given an opportunity, Smith failed to allege the existence of good cause warranting an extension of the time for service.  Consequently, the complaint is subject to dismissal without prejudice as service has not been perfected on the defendant within the 120-day period required by FED. R. CIV. P. 4(m).  In light of the foregoing, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's abandonment of his claims, failure to prosecute this action and failure to comply with the orders of the court.  It is further

ORDERED that the plaintiff shall file any objections to the said Recommendation on or before **September 9, 2008.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of August, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE